NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHANNA M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, P.M., *Appellees.*

No. 1 CA-JV 15-0180
FILED 12-15-2015

Appeal from the Superior Court in Mohave County
No. S8015JD201400005
The Honorable Richard Weiss, Judge

**AFFIRMED**

COUNSEL

Law Office of Heather C. Wellborn, PC, Lake Havasu City
By Heather C. Wellborn
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

---

**C A T T A N I**, Judge:

**¶1**        Shanna M. ("Mother") appeals from the superior court's decision terminating her parental rights as to her daughter, P.M.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        In January 2014, Mother left P.M., who was less than two years old, alone in a locked car by the side of a highway.  Mother had been driving aggressively and erratically, nearly hitting several other vehicles, before parking and leaving the car.  When law enforcement officers arrived, P.M. was asleep in a car seat that was leaning on its side because it was not properly secured.  P.M. was sleeping heavily, and there were empty bottles of children's fever medicine in the car.

**¶3**        When Mother returned to the scene she was behaving erratically, causing officers to suspect substance abuse.  Mother was arrested and charged with child abuse, and DCS took P.M. into care.  The superior court later found P.M. to be dependent as to Mother.

**¶4**        While Mother remained in jail, DCS authorized a variety of reunification services, including: parent aide, substance abuse testing and treatment, mental health services, and supervised visitation.  After Mother's release in May 2014, she waited for several weeks to contact DCS and had only limited contact thereafter.  By December 2014, Mother had only visited P.M. twice and had not engaged in any other services.

**¶5**        In September 2014, DCS moved to terminate Mother's parental rights on grounds of neglect, substance abuse, and six months' time in care.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(2), (3), (8)(b).[1]  Mother failed to appear for the severance trial, and the court deemed her

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

non-appearance an admission of the allegations in the severance motion and proceeded in her absence. After hearing evidence, the court found all three severance grounds proven, and found that termination would be in P.M.'s best interests.

**¶6** One week later, before the court had signed a final termination order, Mother moved to set aside the "default," stating that she had mistakenly appeared at the courthouse in Kingman instead of Bullhead City. After an evidentiary hearing, the court denied the motion, finding that Mother had not shown good cause for her failure to appear. After the court signed a final termination order, Mother filed a delayed appeal. We have jurisdiction under A.R.S. § 8-235.

## DISCUSSION

### I. Failure to Appear.

**¶7** Mother argues that, contrary to the superior court's finding, she established good cause for her failure to appear at the severance hearing.[2] We review a finding that a parent lacked good cause for failing to appear for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). We apply this deferential standard of review to the superior court's factual findings because that court is in the best position to weigh evidence and assess witness credibility. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 305, ¶ 19 (App. 2007).

**¶8** If a parent fails to appear at a severance hearing without good cause (provided the parent had notice of the hearing, was properly served with the severance motion, and had previously been warned of the consequences of nonappearance), the court may deem the nonappearance

---

[2] DCS suggests that this court lacks jurisdiction to consider this argument because under civil default procedures, Mother was arguably required to independently appeal from the order denying her motion to set aside. Although a deemed admission and waiver of rights based on a parent's failure to appear is in some ways analogous to civil default proceedings, neither the juvenile statutes nor the juvenile rules reference default procedures. *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶¶ 14, 16 (App. 2007). Moreover, here, the court's initial finding that Mother lacked good cause for failure to appear is a necessary component of its termination decision, which is properly before us. Accordingly, we have jurisdiction to address Mother's claim of error.

to be a waiver of rights and an admission of the allegations in the severance motion. A.R.S. § 8-863(C); Ariz. R.P. Juv. Ct. ("ARPJC") 66(D)(2). The court may proceed with the severance hearing in absentia, and may terminate parental rights if warranted "based on the record and evidence presented." A.R.S. § 8-863(C); ARPJC 66(D)(2); *see also Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 212, ¶ 23 (App. 2008); *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 98 n.3, ¶ 5 (App. 2007).

**¶9** At an evidentiary hearing addressing the reason for her nonappearance at trial, Mother testified that she had been told to appear in Kingman, that all of the other hearings in her case had been in Kingman, and that she had in fact gone to the Kingman courthouse for the severance hearing. When she realized there had been a mistake, she went to the DCS office and found out that the hearing had been held in Bullhead City. In contrast, the DCS case manager testified that, the day before the severance hearing, she had spoken to Mother by phone and had told her that the hearing would be held in Bullhead City. The superior court found that Mother had not shown good cause, noting that Mother had been present telephonically when the severance trial was initially scheduled for Bullhead City, that a later ruling (denying Mother's request for a continuance) confirmed that the trial would be held in Bullhead City, and that DCS had again confirmed the location as Bullhead City when Mother spoke to the case manager the day before trial.

**¶10** The confusing circumstances of a case consistently heard in Kingman moving to Bullhead City only for the severance hearing could have supported a finding of good cause. Nevertheless, the superior court noted three ways in which Mother was informed of the proper location (not to mention Mother's option to contact her own attorney, who in fact appeared in Bullhead City). Given the evidence that Mother knew or should have known the location of the severance trial, the court did not abuse its discretion by finding Mother did not show good cause for her failure to appear.

## II. Severance Grounds.

**¶11** Mother next argues that the superior court lacked sufficient evidence to terminate her parental rights. The superior court may terminate the parent–child relationship if clear and convincing evidence establishes at least one statutory ground for severance and a preponderance of the evidence shows severance to be in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We review a severance ruling for an abuse of discretion, accepting

the court's factual findings unless clearly erroneous. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

¶12 Mother challenges only the court's finding of grounds for termination based on chronic substance abuse under A.R.S. § 8-533(B)(3). But here the court found three statutory grounds—neglect under A.R.S. § 8-533(B)(2), chronic substance abuse under A.R.S. § 8-533(B)(3), and six months' time in care under A.R.S. § 8-533(B)(8)(b)—any one of which would be sufficient (along with the court's best interests finding) to support terminating Mother's parental rights. *See* A.R.S. § 8-533(B) (termination based on "any one" of the enumerated grounds); *see also Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000). Mother's failure to challenge two of the three statutory grounds underlying the severance ruling in effect concedes that they support termination. *See Michael J.*, 196 Ariz. at 249, ¶ 13 (accepting a best interests finding absent challenge by parent).

¶13 Moreover, the record fully supports the court's six months' time-in-care finding. Under A.R.S. § 8-533(B)(8)(b), severance is authorized on this ground if a child under three years old was in an out-of-home placement for at least six months if DCS provided appropriate reunification services and the parent "substantially neglected or wilfully refused to remedy" the circumstances necessitating out-of-home placement, including by refusing to participate in reunification services. Here, at the time of the severance trial, P.M. was under three years old and had been in an out-of-home placement for 11 months. As described above, DCS set up a variety of reunification services, but Mother failed to participate. Because this ground supports severance, regardless of the merits of Mother's challenge to the chronic substance abuse ground, we affirm the superior court's severance ruling. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

**CONCLUSION**

¶14        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama